IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN BUCKLEY                                                            PLAINTIFF
ADC #084190

V.                              4:07cv00940 WRW

REGINA DOWDLE, et al                                                 DEFENDANTS

ORDER

On October 9, 2007, Plaintiff, a pro se inmate currently confined to the North Central

Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 action (docket

entry #2) along with a separate application to proceed in forma pauperis pursuant to 28

U.S.C. § 1915 (docket entry #1).

**I.  Background**

Plaintiff brings this action on behalf of himself and his minor child, Robyn Buckley.

Defendants include an Arkansas Department of Heath and Human Services' family service

worker, a lawyer, a state court judge, and the mother of Plaintiff's child.  According to the

complaint, Plaintiff's daughter was sexually abused by several adult males beginning at age

twelve in exchange for money taken by the mother, Defendant Harvey.   Apparently

Defendants Dowdle, Sanders, and Yeargan were all involved in an earlier juvenile

dependency case concerning these same allegations.  Plaintiff alleges that he has had no

contact with any of these parties since August 2006, including his minor daughter.[1]  He

sues on the grounds that Defendants have failed to take his daughter's best interests into

account and requests compensatory and punitive damages, and visitation.

---

[1] Plaintiff has no current knowledge of his daughter's whereabouts.

## II.  Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b).  This Court may sua sponte dismiss a prisoner's complaint at any time if it determines that the action fails to state a claim upon which relief can be granted.  Id. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972));  Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."  Haines, 404 U.S. at 520-21.

## III.  Analysis

Plaintiff cannot claim federal question jurisdiction pursuant to 28 U.S.C. § 1331. Federal courts have no inherent subject matter jurisdiction, but instead, are courts of limited jurisdiction by origin and design.  As a result, there is an initial presumption that federal courts lack subject matter jurisdiction to resolve a particular suit.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A district court may assume federal question jurisdiction only when an action "arises under" the Constitution, laws, or treaties of the

2

United States.   U.S. CONST., art. III, § 2; 28 U.S.C. § 1331.   Although Plaintiff is incarcerated, he does not pursue a § 1983 claim.   His allegations simply do not amount to a violation of his constitutional rights; rather, he has filed a state court action in federal court against several individuals in connection with a dispute concerning a juvenile dependency and neglect case.   See Sturgeon v. Benton, 242 F.3d 376 (8th Cir. 2000) (unpub. per curiam) ("district court lacked jurisdiction to hear claims relating to [plaintiff's] divorce proceedings . . . .") (internal citations omitted); Davidson v. State of Arkansas, 989 F.2d 504 (8th Cir. 1993) (unpub. per curiam) ("court did not have subject matter jurisdiction to hear any claim related to the division of marital assets in [plaintiff's] divorce or the custody arrangements made in state court") (internal citations omitted).   Nor does it appear that this Court has jurisdiction pursuant 28 U.S.C. § 1332(a)(1) based on diversity.   Federal district courts have diversity jurisdiction of civil actions between "citizens of different states" if the amount in controversy exceeds $75,000.   Id.   Plaintiff is a resident of Arkansas.   It is unclear whether all named Defendants are residents of Arkansas;[2] however, there is no stated monetary amount in controversy.

As previously noted, Plaintiff seeks a Court order awarding him damages and visitation of his minor child.   Based on Plaintiff's allegations, this Court invokes the domestic relations exception to decline diversity jurisdiction.   See Ankenbrandt v. Richards, 504 U.S. 689, 703-04 (1992) ("the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees . . . . As a matter of judicial economy, state courts are more eminently situated to work of this type than are federal

---

[2] Plaintiff is not aware of the current whereabouts of Defendant Harvey, although he lists her last known address in Glenwood, Arkansas.

courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees"); see also Sturgeon v. Benton, 242 F.3d 376 (8th Cir. 2000) (unpub. per curiam) ("district court lacked jurisdiction to hear claims relating to [plaintiff's] divorce proceedings . . . .") (internal citations omitted); Davidson v. State of Arkansas, 989 F.2d 504 (8th Cir. 1993) (unpub. per curiam) ("court did not have subject matter jurisdiction to hear any claim related to the division of marital assets in [plaintiff's] divorce or the custody arrangements made in state court") (internal citations omitted); Firestone v. Cleveland Trust Co., 654 F.2d 1212 (6th Cir. 1981) (federal question suits which are in substance domestic relations actions will not be entertained in federal court).

The Court recognizes that Plaintiff is neither disputing a divorce decree or a custody arrangement; however, he is pursuing an issue that arises out of a conflict that concerns the well being and safety of his minor child.  Plaintiff challenges his exclusion from the state dependency and neglect proceedings and he requests federal court-ordered visitation of a child whom he cannot currently locate.   Under these circumstances, the Court is comfortable invoking the domestic relations exception.  Because neither federal question nor diversity exists, this Court does not have jurisdiction to hear Plaintiff's case.

### IV.  Conclusion

For the reasons explained herein:

1.      Plaintiff's case is DISMISSED in its entirety WITH PREJUDICE FOR FAILURE TO STATE A CLAIM.

2.      Any pending motions are DENIED AS MOOT.

3.      This dismissal counts as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[3]

IT IS SO ORDERED this 8th day of November, 2007.


                                        /s/Wm. R. Wilson, Jr.
                                    UNITED STATES DISTRICT JUDGE

---

[3] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.